IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
DAVID SANDERS,                          )
                                        )
       Plaintiff,                       )
                                        )
vs.                                     )   NO.  2:05-CV-377
                                        )
TOWN OF BURNS HARBOR POLICE             )
DEPARTMENT, TOWN OF PORTER POLICE       )
DEPARTMENT, and OFFICER MOORE,          )
                                        )
       Defendants.                      )
```

### ORDER AND OPINION

This matter is before the Court on Defendant Town of Burns Harbor Police Department's Motion to Dismiss, filed by Defendant, Town of Burns Harbor Police Department, on January 12, 2006. For the reasons set forth below, this motion is **GRANTED**. The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's civil rights claim under 42 U.S.C. section 1983 against the Town of Burns Harbor Police Department, and to **DISMISS WITH PREJUDICE** Defendant Town of Burns Harbor Police Department from this case. The Court notes that the claims against Defendants, Town of Porter Police Department and Officer Moore, **REMAIN PENDING**.

BACKGROUND

Plaintiff, Dave Sanders, was arrested for burglarizing a storage unit in Porter, Indiana. (Compl., p. 7.) After being handcuffed, Plaintiff alleges he experienced chest pains and requested that Defendant Officer Moore allow him to take his nitroglycerin medicine that was in his pocket. (*Id.*) The officer allegedly refused, and an ambulance was called. (*Id.*) A fire chief arrived and administered the medication. (*Id.*) According to Plaintiff, he suffered a heart attack and was hospitalized for several days. (*Id.* at pp. 7-8.) Plaintiff alleges a violation of his civil rights occurred under section 1983. Defendant, Town of Burns Harbor Police Department, filed the instant motion pursuant to Federal Rule of Civil Procedure 12(b)(6).

DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that

would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes clear that she does not plan to prove an essential element of her case. *Id.*

The Town of Burns Harbor Police Department requests dismissal of Plaintiff's section 1983 claim against it under Federal Rule of Civil Procedure 12(b)(6).[1] Specifically, the Town of Burns Harbor Police Department argues it is not a "person" that can properly be sued under

---

[1] In the conclusion portion of Defendant's memorandum, the Town of Burns Harbor Police Department requests that the Court "dismiss the Plaintiff's Complaint with prejudice in its entirety." Although the Town of Burns Harbor Police Department argues Plaintiff's claims against it should be dismissed, nowhere in its memorandum does the Town of Burns Harbor Police Department even mention (much less set forth a legal argument), regarding Plaintiff's claims against the Town of Porter Police Department or Officer Moore. Additionally, the Court notes that although all Defendants initially retained the same counsel, that counsel withdrew their representation of the Town of Porter Police Department and Officer Moore on January 18, 2006. Therefore, the Court construes the present request as one to dismiss only the claims against Defendant, Town of Burns Harbor Police Department.

section 1983, and it is not a proper defendant under Indiana law. Further, the Town of Burns Harbor Police Department claims that dismissal is proper because Plaintiff fails to allege in his complaint that the Town of Burns Harbor Police Department has a custom or policy which was the moving force behind any constitutional violation, as required by *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978).

First, the Court acknowledges that on January 12, 2006, the Town of Burns Harbor Police Department provided pro se Plaintiff with notice that he needed to respond to this motion. Further, on February 1, 2006, this Court ordered Plaintiff to respond to the motion to dismiss, and granted Plaintiff additional time (until February 13, 2006) to file his response. However, Plaintiff still failed to respond to the instant Motion to Dismiss.

The Court acknowledges that Sanders is a pro se Plaintiff and recognizes that pro se Plaintiffs need not be held to the same standard as counseled litigants. *See Glick v. Gutbrod*, 782 F.2d 754, 755 n.1 (7th Cir. 1986) (stating pro se litigant's briefs may be held to a lower standard than those prepared by counsel). However, it is not this Court's obligation to do Sanders' research or make arguments for him. *United States v. Smith*, 26 F.3d 739, 743 (7th Cir. 1994) (courts need not research and construct legal arguments for parties).

Due to the fact that the instant motion is unopposed, the Court hereby summarily **GRANTS** the motion and **DISMISSES** Plaintiff's claim

-4-

under section 1983 against Defendant Town of Burns Harbor Police Department.  *See* N.D. Ind. L.R. 7.1(a) (explaining "[f]ailure to file a response or reply within the time prescribed may subject the motion to summary ruling."); *see also Walker v. Litscher*, No. 02-C-135-C, 2002 WL 32349397, at *2 (W.D. Wis. Aug. 27, 2002) (dismissing a prisoner's Eighth Amendment claim after plaintiff failed to oppose the motion); *Niebur v. Town of Cicero*, 90 F. Supp. 2d 930, 931-32 (N.D. Ill. 2000) (dismissing state law claim accompanying claims brought under section 1983 because plaintiffs did not oppose the motion to dismiss these claims); *Koselke v. Chicago Heights Glass, Inc.*, No. 97 C 4588, 1997 WL 583087, at *1 (N.D. Ill. Sept. 12, 1997) (noting district court previously granted an unopposed motion to dismiss the complaint under Rule 12(b)(6) after ordering plaintiff to respond); *Shell Oil Co. v. Avar Corp.*, No. 97 C 4479, 1997 WL 779054, at *1 (N.D. Ill. Dec. 12, 1997) (noting a previous motion to dismiss was granted because it was unopposed); *EEOC v. Kim & Ted, Inc.*, No. 95 C 1151, 1996 WL 48581, at *3 n.1 (N.D. Ill. Feb. 2, 1996) (noting district court previously granted an unopposed motion to dismiss a named defendant).

Even if this Court were to consider the instant motion on its merits, the Court would still dismiss Plaintiff's section 1983 claim. First, the Town of Burns Harbor Police Department is not a "person" under section 1983.  *See Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind. 1988) ("A city's police department is merely a vehicle through

which the city government fulfills its policy functions and is not a proper party defendant.").

Second, even assuming that the Town of Burns Harbor Police Department was a proper defendant, Plaintiff's claim fails to establish liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978), because Plaintiff failed to plead that the Town of Burns Harbor Police Department acted under an official policy or practice in causing a constitutional violation. In *Monell*, the Supreme Court determined that municipalities and other local government units could be sued under section 1983 where there is an allegation that a "policy or custom" of the entity caused a constitutional deprivation. 436 U.S. at 690-91, 694. However, a municipality or other local government unit may not be held vicariously liable under section 1983 for the actions of its employees. *Id*. at 691 ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). In this case, Plaintiff has made no allegations of a policy or custom of the Town of Burns Harbor Police Department to support a section 1983 claim.

CONCLUSION

For the reasons set forth above, Defendant Town of Burns Harbor Police Department's Motion to Dismiss Plaintiff's claim under 42 U.S.C. section 1983 is **GRANTED**. The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's civil rights claim under section 1983 against

the Town of Burns Harbor Police Department, and to **DISMISS WITH PREJUDICE** Defendant Town of Burns Harbor Police Department from this case.  The Court notes that the claims against Defendants, Town of Porter Police Department and Officer Moore, **REMAIN PENDING.**

**DATED:  February 28, 2006**            **/s/RUDY LOZANO, Judge**
                                         **United States District Court**