```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


DAVE SANDERS,                        )
                                     )
     Plaintiff,                      )
                                     )
         v.                          )   NO.  2:05-CV-377
                                     )
TOWN OF PORTER POLICE DEPARTMENT,    )
TOWN OF BURNS HARBOR POLICE          )
     DEPARTMENT, and                 )
OFFICER MOORE,                       )
                                     )
     Defendants.                     )
```

## ORDER

This matter is before the Court on: (1) Defendant Officer Moore's Amended Motion for Summary Judgment, filed on August 28, 2006, (D.E. # 29) and (2) Defendant Officer Moore's Motion to Dismiss Plaintiff's Complaint Pursuant to Trial Rule 41(b) for Lack of Prosecution, filed on December 4, 2006 (D.E. # 31).  For the reasons set forth below, Moore's motion to dismiss is **GRANTED** and his Amended Motion for Summary Judgment is **DENIED AS MOOT**. The Clerk is **ORDERED** to **DISMISS** the complaint (D.E. # 4) and **CLOSE** the case.

Dave Sanders ("Sanders") filed his complaint over 17 months ago. He has not hired an attorney or filed a substantive motion[1] since he

---

[1] In addition to his complaint, Sanders has filed five handwritten letters addressing procedural issues. One, received May 15, 2005, advised that he retained an attorney. (D.E. # 25.) In fact, Sanders has no attorney. (D.E. # 39.) Two letters received January 4, 2007, and January 19, 2007, requested this

initiated this action.  Nor has he engaged in written discovery, noticed any depositions, made an offer of settlement, or requested alternative dispute resolution.  (*See* D.E. # 31.)

Notably too, Sanders does not respond to Defendants' motions. Specifically, Sanders never responded to motions to dismiss filed by Defendant Town of Burns Harbor Police Department (D.E. # 16) and Defendant Town of Porter Police Department (D.E. # 23) despite court orders to respond and despite being granted extensions of time to do so (D.E. #s 20, 24).  Accordingly, this Court dismissed both police department defendants (D.E. #s 22, 28).

At issue here are Officer Moore's ("Moore") motion for summary judgment and motion to dismiss which have been pending since August 2006 and December 2006, respectively, without a response from Sanders. The Court has ordered him to respond. (*See* D.E. #s 33, 39.)  And the Court has given him multiple extensions of time.  (*Id.*)  At the January 19, 2007, status hearing, the Court warned Sanders that if he failed to either respond or have an attorney enter an appearance

---

Court to appoint counsel for him. (D.E. #s 35, 40.)  Sanders' requests were denied with the right to re-file in accordance with the standards set forth in the order. (D.E. # 41.)  He never re-filed a proper request. Sanders filed a March 27, 2006, letter which this Court construed as a request for an extension of time. (D.E. # 24.) Finally, he filed an untimely letter on January 4, 2007, in response to a Court Order of December 18, 2006 (D.E. # 33), which indicated that the Court would summarily rule on the currently pending motions if he failed to respond by January 2, 2007. (D.E. # 34.) In this letter, Sanders requested an extension of time and urged the Court not to dismiss his case.

within 60 days, his case would be dismissed. (*Id.*) He has done neither, nor has he asked for an extension of time or shown diligence in searching for a lawyer or attempting to have one appointed on his behalf.

"Under Rule 41(b), a court may dismiss an action with prejudice '[f]or failure of the plaintiff to prosecute or to comply with these rules [i.e., the Federal Rules of Civil Procedure] or any order of court.'" *Roland v. Salem Contract Carriers, Inc.,* 811 F.2d 1175, 1177 (7th Cir. 1987). This Court should consider the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents. *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)*; Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993). Moreover, a district court should warn the plaintiff prior to dismissing his case for failure to prosecute. *See Ball*, 2 F.3d at 775.

Here, Sanders has exhibited a pattern of dilatory and contumacious conduct by failing to comply with deadlines and court orders, which justifies dismissal under Rule 41(b). *See, e.g., Aura Lamp & Lighting*, 325 F.3d at 909; *O'Shell v. U.S. Dept. of Air Force,* 132 F.3d 36, at *2 (7th Cir. 1997); *Roland,* 811 F.2d at 1178.

Specifically, Sanders has never responded to pending dispositive motions despite court orders and extensions of time. His determination to move at his own pace -- if at all -- has already resulted in the dismissal of two of the three defendants in his case. Nevertheless, Sanders has not responded to the currently pending motions filed by the only remaining defendant to this action. And Sanders has had over 7 months to respond.

Moreover, here, dismissal is also appropriate because Sanders was given an adequate opportunity to cure his delinquencies. *Jennings v. Principi*, 114 Fed. Appx. 224, 226-27 (7th Cir. 2004). This Court gave Sanders multiple extensions of time to respond to motions, explained how to properly file a motion to appoint counsel (D.E. # 41), and even gave him the opportunity to have counsel enter an appearance rather than file a response to Moore's currently pending motions (D.E. # 39). To be sure, Sanders knows the consequences of his actions, if not because of previous consequences for similar conduct, then because of the January 19, 2007, warning that his case would be dismissed if he did not respond within 60 days or have an attorney enter an appearance on his behalf. Still, Sanders has chosen not to move the case forward.

Certainly the record is clear that Sanders has no intention of properly prosecuting his case. Not only has he ignored dispositive motion deadlines and court orders, Sanders has failed to take a single step towards litigating his case (e.g., hiring a lawyer, contacting defendants regarding settlement, engaging in discovery). His failure

-4-

to expend any effort to even retain an attorney alone justifies dismissal. *Locascio v. Teletype Corp.*, 694 F.2d 497, 499 (7th Cir. 1982).

Dismissal with prejudice is a drastic sanction. *Roland,* 811 F.2d at 1177. Nevertheless, Sanders' pattern of misconduct, delay, and refusal to properly prosecute this case justifies dismissal with prejudice. *See, e.g., id.* at 1178.  However, because Sanders is *pro se* and has had trouble retaining an attorney, the Clerk is **ORDERED** to **DISMISS** Plaintiff's complaint **WITHOUT PREJUDICE** and **CLOSE** the case.


**DATED: March 29, 2007**              /s/ RUDY LOZANO, Judge
                                       **United States District Court**