IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVE SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO.  2:05-CV-377 |
| ) | |
| TOWN OF PORTER POLICE DEPARTMENT, ) | |
| TOWN OF BURNS HARBOR POLICE ) | |
| DEPARTMENT, and  OFFICER MOORE, ) | |
| ) | |
| Defendants. ) | |

## OPINION and ORDER

This matter is before the Court on the "Motion to Reinstate" and the Motion to Appoint Counsel (D.E. # 44) filed by Dave Sanders ("Sanders") on April 26, 2007. In the Order of March 29, 2007, this Court dismissed Sanders' case for failure to prosecute. Currently, Sanders is requesting relief from this order because of his health problems and because of his difficulty in retaining counsel. The Court construes the "Motion to Reinstate" as a motion for relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166-67 (7th Cir. 1995).  For the reasons set forth below, Defendant's Motion to Reinstate is **DENIED** and the Motion to Appoint Counsel is **DENIED as moot.**

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment, order, or proceeding  upon

a showing of, *inter alia*, mistake, inadvertence, surprise, or excusable neglect. Fed. R Civ. P. 60(b). "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir. 1983). District judges should reinstate actions "only in the exceptional circumstance where the events contributing to the default judgment have not been within the meaningful control of the defaulting party." *Tolliver B. Northrop Corp.*, 786 F.2d 316, 318 (7th Cir. 1986)(quoting *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1206 (7th Cir. 1984)

   Sanders argues that because of "constant health problems," he was unable to proceed diligently with his case.  As delineated in the Order of March 29, 2007, (D.E. # 42), Sanders has exhibited a pattern of dilatory and contumacious conduct by failing to comply with deadlines and court orders. Although his constant health problems have been an issue throughout the case, this Court gave Sanders every opportunity to prosecute his case, such as warning him to retain counsel, explaining why this Court would not appoint counsel for him, and *sua sponte* extending Sanders' time to respond to motions. "[H]ealth problems which would otherwise be deserving of special leeway from the court do not merit such consideration after dismissal has been entered; 'offering explanations for dilatory conduct only after judgment ha[s] been granted does not demonstrate the diligence or extraordinary circumstances necessary to invoke Rule 60(b).'" *Hayes*

-2-

*v. U.S. Dept. of Transportation*, 162 F.R.D. 126, 129 (S.D. Ind. 1995) (quoting *Dickerson v. Board of Education*, 32 F.3d 114, 1116 (7th Cir. 1994)).

     Sanders also argues that his difficulty in retaining counsel is a ground for relief from judgment. Sanders, however, caused this problem. Over the course of the 17 months his case was pending, Sanders failed to diligently seek counsel in spite of this Court's repeated warnings to him to retain counsel. To be sure, after his suit had been pending for over 14 months and after the Court warned Sanders that his case would be dismissed if he or his counsel failed to respond to pending motions, Sanders requested that the Court appoint counsel for him. The Court denied Sanders' request without prejudice in an Order of February 2, 2007, because civil litigants do not have a right to counsel and because Sanders made no showing of a reasonable attempt to secure private counsel, of the merits of his claim, of his ability investigate and present facts, or of the complexity of the legal issues. After this denial, Sanders failed to make a showing of any of these factors for over three months. Indeed, Sanders did not attempt to show that he tried to retain counsel but failed until about a month after the Court dismissed his case. This lack of diligence does not justify relief under Rule 60(b). *See, e.g., Greyhound Lines*, 710 F.2d at 1231 (holding failure to secure counsel in a timely manner after being advised by the Court to do so is not excusable neglect justifying relief under Rule 60(b)).

For the reasons set forth above, Defendant's Motion to Reinstate is **DENIED**. Because this motion is denied, the Motion to Appoint Counsel is **moot** and, accordingly, **DENIED.**

**DATED: December 6, 2007**               /s/ RUDY LOZANO, Judge
                                          **United States District Court**